# 21-3155

## UNITED STATES COURTS OF APPEALS

## FOR THE SECOND CIRCUIT

James Kennedy,

       Plaintiff-Counter-Defendant – Appellant,

Besa Kennedy,

       Plaintiff – Appellant,

v.

Carmina Hirsch, nee Tessitore, born Tessitore, individual capacity,

       Defendant-Counter-Claimant – Appellee,

Frederick Caruso, Frederick Hine, Town of Fairfield, Connecticut,

       Defendants – Appellees.


On Appeal from the United States District Court for Connecticut

Brief of Appellants James and Besa Kennedy, Pro Se

222 Main St, #112, Farmington, CT  06032, 561-235-1504

## TABLE OF CONTENTS

**STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION** ................................................................ 4

**STATEMENT OF THE ISSUES** ..................................................... 5

**STATEMENT OF THE CASE** ........................................................ 5

**SUMMARY OF THE ARGUMENT** ............................................... 7

**ARGUMENT** .................................................................................. 8

**CONCLUSION** ............................................................................ 20

Table of Authorities

CASES

Kennedy v. Caruso, No. 3:19-CV-260 (D. Conn. Nov. 19, 2021)............................7
Chunn v. Amtrak, 916 F.3d 204 (2d Cir. 2019)......................................9,10,12,14
Garcia v. Hartford Police Dep't, 706 F.3d 120, 126-27 (2d Cir. 2013).................10
Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011)........................................11
Elder v. McCarthy, 967 F.3d 113, 132 (2nd Cir. 2020).........................................12
Frost v. N.Y.C. Police Dep't, 980 F.3d 231 (2nd Cir. 2020)..................................13
Soto v. Gaudett, 862 F.3d 148 (2nd Cir. 2017)…….........................................16
Victory v. Pataki, 814 F.3d 47 (2nd Cir. 2016)…….........................................17
Dorsett v. County of Nassau, 732 F.3d 157 (2d. Cir. 2013) ……........................20

STATUTES

20 U.S.C. § 1234………………………………………………….... ….. 8

20 U.S.C. § 5678………………………………………………….... ….. 8

28 U.S.C. § 8901………………………………………………….. 9

28 U.S.C. §1331………………………………………………….. 4

28 U.S.C. §1367………………………………………………….. 4

42 U.S.C. §1983………………………………………………….4,14

RULES

FED. R. CIV. P. 9(b)…………………………………………… 8

FED. R. CIV. P. 10(c)…………………………………………..8

FED. R. CIV. P. 12(b)(6)…………………………………….........8

Fed. R. Civ. P. 56(a)(c)(2)…………………………………………11

# STATEMENT OF SUBJECT MATTER AND APPELLATE
# JURISDICTION

The District Court had jurisdiction pursuant to 28 U.S.C. §1331 for all of Plaintiffs' claims arising under the Constitution, laws, or treaties of the United States and jurisdiction over all other Counts pursuant to 28 U.S.C. §1367. Specifically, the remaining claims arose from a common nucleus of operative fact.

Plaintiff-Appellant James Kennedy was awarded temporary full legal custody of his two minor children by the State of Connecticut on November 27, 2018. Over the course of the following 14 days, Defendants Caruso and Hirsch made an overt agreement in furtherance of a conspiracy to deprive Plaintiff-Appellant James Kennedy of effectuating the order of the Court through communication with legal and school authorities in the State of Tennessee, including the transmission of a defamatory, fabricated police report which was ratified by Defendant Hine and Defendant Town of Fairfield. Further, Defendant Caruso made a visit to the home of the Plaintiffs for the purpose of intimidating them and preventing them from exercising their legal rights, which resulted in both Plaintiffs suffering emotional distress. The conspiracy, communications, home visit and intent were all admitted by Defendants Caruso and Hirsch in their respective depositions. Those activities gave rise to actionable 42 U.S.C. §1983 claims and occurred within the States of Connecticut and Tennessee.

On November 19, 2021, the District Court of Connecticut, *Bryant, J.*, granted summary judgment to all Defendants. Plaintiffs filed a timely appeal on December 18, 2021, with the District Court, as of right under Federal Rules of Appellate Procedure 3(a)(1), appealing both the granting of the Defendants' Motions for Summary Judgment and also the Mooting of a Motion for Clarification filed with the District Court.

The present Appeal is from a final order that disposed of all parties' claims.

## STATEMENT OF THE ISSUES

1. Whether a Plaintiff-Appellant can have the burden of raising any genuine issues of material fact shifted upon them in a response to a Motion for Summary Judgment where a Defendant-Appellee has not presented any material facts in support of their Motion for Summary Judgment?

2. Whether the Court below may weigh credibility in support of granting Motions for Summary Judgment where there were genuine issues of material fact raised by Plaintiffs-Appellants in the proceedings, below?

3. Whether Plaintiffs-Appellants have the burden of correcting a District Court's mistaken omission of reviewing filed responses to Motions for Summary Judgment where the Court mooted Plaintiffs-Appellants attempts to raise the issue below?

## STATEMENT OF THE CASE

Plaintiffs-Appellants are citizens of Connecticut. (A-19 (First Amended Complaint) ¶¶ 1-2). Plaintiff-Appellant James Kennedy is the father of two children. (A-20 (First Amended Complaint) ¶¶ 11, 14). Plaintiff-Appellant Besa Kennedy ("Besa") is the spouse of James Kennedy. (A-21 (First Amended Complaint) ¶ 69). At the time where the incidents occurred giving rise to the multiple causes of action in the Court, below, Plaintiff-Appellant James Kennedy ("James") had sole legal custody of the two children. (A-22 (First Amended Complaint) ¶ 102).

Defendant-Appellee Carmina Hirsch ("Hirsch") was a Guardian ad Litem and practicing attorney in the State of Connecticut assigned to the civil case in Connecticut governing custody and visitation of James' two children during the time period of 2016-2019. (A-21 (First Amended Complaint) ¶ 73). Defendant-Appellee Frederick Caruso ("Caruso") was a police officer employed by Defendant-Appellee Town of Fairfield ("Town") who became aware of James' sole legal custody and intervened. (A-23 (First Amended Complaint) ¶¶ 140-41). Defendant-Appellee Frederick Hine ("Hine") was Caruso's supervisor. (A-24, 25 (First Amended Complaint) ¶¶ 235, 260).

Over the course of two weeks following James' award of sole legal custody, Caruso and Hirsch undertook a number of actions that violated both James and Besa's rights, giving rise to a series of claims, and resulted in the filing of a lawsuit

6

in the District Court of Connecticut. (A-19 (First Amended Complaint)). Judge Vanessa L. Bryant granted the two Motions for Summary Judgment filed by all Defendant-Appellees and dismissed as Moot a Motion for Clarification filed by Plaintiffs-Appellants on November 19, 2021. (A-1 (Memorandum of Decision granting Summary Judgment)). The decision is published as *Kennedy v. Caruso, No. 3:19-CV-260, (D. Conn. Nov. 19, 2021)*.

## SUMMARY OF THE ARGUMENT

1.      The District Court erred as a matter of law in shifting the burden of establishing material facts to the Plaintiffs-Appellants in the case of Defendant-Appellee Hirsch. One Defendant-Appellee did not conform to Local Rules and presented argument and conclusory statements which were disputed.

2.      The District Court erred as a matter of law in granting Defendants-Appellees' Motions for Summary Judgment on several claims on similar grounds, most commonly weighing evidence or declining to analyze evidence.

3.      The District Court erred in determining that Plaintiffs-Appellants did not provide bases for objections, which error resulted in the Court finding that material facts were not in dispute when they in fact, were.

4.      The District Court erred in not offering the Plaintiffs an opportunity to amend where doing so would satisfy the Court's indication of non-compliance, as opposed to lacking genuine issues of material fact.

## ARGUMENT

**I.** **THE DISTRICT COURT ERRED IN GRANTING THE DEFENDANTS-APPELLANTS MOTIONS FOR SUMMARY JUDGMENT.**

### A. Standard of Review

This Court reviews a District Court's ruling on a motion for summary judgment *de novo*. *Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019). In reviewing the ruling, the Court must "resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

### B. The District Court relied on a misreading of the record to conclude a substantial number of material facts raised by Defendants-Appellees were undisputed.

Kennedy filed a Rule 56(a)2 statement in response to both motions for summary judgment. However, at multiple points in his 56(a)2 statements, he simply states "objection" but provides no basis for the objection, nor does he cite to anything in the record establishing the basis for his objection. The Court will consider the facts that were not properly objected to as undisputed pursuant to Rule 56(e).

(A-2 (Memorandum of Decision granting Summary Judgment)).

Plaintiffs-Appellants filed two Rule 56(a)2 statements in response to both

Motions for Summary Judgment. (A-45, 48 (Plaintiffs' Statement of Facts 1 and 2)). In the first statement, all objections included their bases and were detailed. (*See* A-45, 46, 47 (Plaintiffs' Statement of Facts 1)). In the second statement, material facts numbers 29 and 30 did not include language beyond "Denied and Objection". (A-46, 47 (Plaintiffs' Statement of Facts 2) at ¶¶ 29-30). The bases and ground for the objections to the two numbered paragraphs were in the accompanying Memorandum in Opposition, to wit:

> It is objectionable to reference any statements of either Judith or James Kennedy in Defendants' motion. Under Fed. R. Civ. P. 56(c)(2), it is impossible to introduce into evidence any purported statements by James Lyle Kennedy, as he is deceased and Defendants Caruso and Hirsch had no personal knowledge of any statements he purportedly made. It has never been admitted into evidence in any tribunal. Further, Defendant Caruso and Defendant Hirsch were both very well aware that Plaintiff James Kennedy's mother was in strong support of his attempts at having a relationship with his children. It is contained both in documents from 2009, 2010, as well as in Plaintiff James Kennedy's mother's presence on December 11, 2018, to testify on his behalf. Further, Defendant Caruso failed to produce any documents that he allegedly reviewed in preparing the incident report and Defendant Hirsch was also aware that this was a false statement.

(A-44 (Memorandum in Opposition), citations omitted).

The Court had no basis upon which to conclude that Plaintiffs-Appellants had not properly raised objections and therefore potentially ignored the over 50 objections that were raised that did include the basis.

### C. The District Court issued dicta that strongly suggested technical defects without affording Plaintiffs-Appellants any insight as to their basis nor an opportunity to correct them.

"Where a district court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, a pro se complaint should not be dismissed without granting leave to amend at least once." (Elder v. McCarthy, 967 F.3d 113, 132 (2nd Cir. 2020) (internal quotation marks and citations omitted)).

On March 16, 2021, the District Court issued an Order that included the following text:

> The Court … has determined that it is likely that the Defendants will prevail in light of the Plaintiffs' failure to comply with Local and Federal Rules of Civil Procedure 56 even after they received a copy of the rules from the Defendants accompanying the Notice to Pro Se litigants. See Rule 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order.). The failure to comply with Rule 56 further cannot be overlooked due to the evidence showing that one of the pro se Plaintiffs is a lawyer and active member of the Connecticut Bar.

(Dkt. 173).

On March 28, 2021, Plaintiffs-Appellants filed a Motion for Clarification, requesting information on the Court's comments. (A-48 (Plaintiffs' Motion for Clarification)). The Court never clarified and mooted the Motion through an Order on November 19, 2021. "ORDER finding as moot [174] Motion for Clarification

in light of the Court's decision and order granting Defendants' motions for summary judgment." (Dkt. 178).

The District Court's analysis stopped far short of ruling out possibilities, instead granting Defendants-Appellants motions on technical grounds related to rule compliance. The Court did not provide examples of "failure to comply with Rule 56" other than the Plaintiffs-Appellants' Statements of Material Fact. In absence of ruling on the underlying claims with the benefit of the presumption that there were genuine disputes of material fact, it was not possible to cure nor address them.

**D. The Court contradicted its own earlier ruling in concluding whether Hirsch was a state actor was not a genuine issue of material fact.**

Defendant-Appellant Hirsch file a Motion to Dismiss on April 4, 2019. (A-26 (Motion to Dismiss by Hirsch)). After elucidating on the circumstances under which a GAL was exceeding the scope of their duties, the Court then assessed whether there were sufficient allegations of being a state actor:

> The Court next considers whether Plaintiffs sufficiently allege conspiracy. They do. Plaintiffs allege that there was an agreement between Detective Caruso and Attorney Hirsch. They allege that the agreement was to act in concert to inflict an unconstitutional injury, namely, for Detective Caruso to write a report full of false statements to be distributed by Attorney Hirsch in order to stigmatize Mr. Kennedy and prevent him from having contact with his children. Finally, Plaintiffs allege several specific overt actions done in furtherance of

that goal, including Detective Caruso's December 6, 2018 emailing of the report to Attorney Hirsch, and Attorney Hirsch's December 6, 2018 distribution of the report.

Therefore, the Court finds that the allegations are sufficient to allege that Attorney Hirsch engaged in "state action" by engaging in a conspiracy with state actors under § 1983 that encompassed her distribution of the Incident Report to non-parties.

(A-33, 34, internal quotation marks and citations omitted). Later, the Court wrote, though, in granting the Summary Judgment motion filed by Hirsch:

Kennedy argues there is evidence to show conspiracy between Hirsch and Caruso because he can show that Hirsch spoke with Caruso before the Incident Report was drafted, she gave Caruso information, she told Caruso the Ex Parte Order was invalid, she requested Caruso's permission to send the Incident Report to the Tennessee school officials, she asked Caruso to appear and present historical evidence at the December 11, 2018 Family Court hearing, and Caruso appeared upon Hirsch's request. Kennedy also claims that both Caruso and Hirsch acknowledge the express purpose of this conduct was to prevent Kennedy from enforcing the Ex Parte Order; however, Kennedy did not provide any citation to the record to support this claim. The evidence Kennedy relies on in his opposition … does not exhibit an agreement between Hirsch and Caruso, let alone an agreement to deprive Kennedy of his federally protected rights. At most, this evidence shows that Caruso investigated the circumstances relating to Kennedy's request for assistance from the FPD and in that investigation he contacted the GAL for the children at the center of the investigation. **No reasonable jury could infer a conspiratorial agreement based on Hirsch's cooperation with Caruso's investigation.** By conveying information to which she was privy as the Kennedy children's GAL, even if they contradicted those asserted in the motion for the Ex Parte Order. Further she was discharging her duty to advocate for the custody arrangement **which she believed was in the best interest of the Kennedy children**. Arranging for the Incident Report to be released to the Tennessee school officials to assist them in deciding whether to release the child to Mrs. Kennedy was **also within the purview of her duty to advocate for the best custodial interests of the children**. Arranging for Caruso to appear and testify at the Family Court custody

hearing also furthered her performance of her duty to advise the court of and advocate before the court for the best custodial arrangement for the children. **None of Hirsch's acts veer into the realm of police investigation**.

There is **nothing in the record to suggest that Caruso agreed with Hirsch to testify falsely** to negatively impact Kennedy's custodial rights. Finding a conspiratorial agreement based on this record **would require rank speculation**.

(A-3, 4 (Memorandum of Decision granting Summary Judgment) at 26, 27, emphasis added). The Court's own prior ruling provided that the allegations were sufficient to raise the issue. The Court's later ruling discusses the *why* of the Agreement and weighs the credibility in order to conclude that the *why* was appropriate, which the Court should not do.

> An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law. The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment, and in assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought. In applying this standard, the court should not weigh evidence or assess the credibility of witnesses. These determinations are within the sole province of the jury.

(*Frost v. N.Y.C. Police Dep't*, 980 F.3d 231 (2nd Cir. 2020)). The Court had ample evidence in front of it that both Defendants agreed on a course of action. It should be the providence of the jury to determine whether their acknowledged agreement was for a benevolent or malevolent purpose. Plaintiffs-Appellants did in fact elicit testimony from both Caruso and Hirsch confirming an agreement to send

the Police Report to schools in Tennessee in order to prevent the schools there from following that order, with the sender being designated as "Attorney Hirsch". (A-41 (Deposition of Caruso) p. 83, lines 14-21.). Defendant-Appellant Caruso agreed to allow Defendant-Appellant Hirsch to "send your reports to the principals at Page Middle School and Page High School[.]" (A-42 (Deposition of Caruso), p. 87, lines 15-22.). The only purpose of sending those reports to schools in another state would be to further the goal of Defendant-Appellant Hirsch to utilize the influence of a Police Report to interfere with Plaintiff-Appellant James' custody. The evidence when viewed in a favorable light, could support a finding of joint action, per the Court's own earlier writings.

### E. The Court improperly weighed the evidence in determining custodial rights were not altered.

In granting Defendant-Appellant Hirsch's Motion for Summary Judgment, the Court ruled on a Stigma-Plus claim, concluding "Kennedy never obtained custody of his children before the Incident Report was issued. Thus the Incident Report did not alter Kennedy's custodial rights." (A-5 (Memorandum of Decision granting Summary Judgment), at 31.). What the Court omitted was the highly relevant material fact that James did not obtain custody of his children from Tennessee *after* the Police Report was issued. Concluding that custody could not have been obtained were it not for the Police Report is the province of the jury.

In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Summary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party.

(*Soto v. Gaudett*, 862 F.3d 148 (2nd Cir. 2017) at 157). In this instance, all parties agree on what actually happened. Unlike cases where there is speculation as to the result, in this instance the result is known and the disagreement is whether and to what extent the Defendants-Appellees' actions harmed the Plaintiffs-Appellants.

> **F. The Court had a duty not to resolve genuine issues of material fact in terms of the deprivation of Plaintiff-Appellant James' right to familial association and to assess the evidence of Defamation.**

In granting Defendant-Appellant Hirsch's Motion for Summary Judgment, the Court determined "[t]he Court need not expend significant judicial resources to consider whether the 50 plus highlighted statements in the Incident Report are defamatory or not because there is no genuine dispute as to whether the Incident Report caused the deprivation of his right to familial association." (A-6 (Memorandum of Decision granting Summary Judgment) at 36.). This is plain error. All parties concede that the Plaintiff-Appellant James had the legal right to associate with his children as of November 27, 2018, and that the right was stayed

on December 11, 2018. There are genuine issues as to the role that the Police

Report played in the behavior, activity, and rulings of persons and organizations

ranging from Tennessee to Connecticut.

> In deciding a summary judgment motion, a court must not weigh the
> evidence, or assess the credibility of witnesses, or resolve issues of fact.
> If, as to the issue on which summary judgment is sought, there is any
> evidence in the record from which a reasonable inference could be
> drawn in favor of the nonmoving party, summary judgment is improper.

(*Victory v. Pataki*, 814 F.3d 47 (2nd Cir. 2016) at 59.). The actions of the

Court were premature here, where the motives of the Defendants-Appellants were

absolutely to interfere with James' familial association and were quite comfortable

publishing that fact far and wide. Whether the Police Report was causatory,

contributory, or incidental is a question a jury should be allowed to decide.

### G. The Court had a duty not to weigh evidence involving motive.

The Court acknowledged that the predicate action for the Police Report to be

generated and disseminated was the Ex Parte Order being granted.

> Kennedy argues that during Hirsch's deposition, she provided evidence
> that she and Caruso were motivated by Kennedy's exercise of speech.
> Kennedy also argues that there was no objective purpose for Caruso's
> actions because Caruso stated during his deposition we don't
> investigate civil cases …
> Here, Kennedy has not presented evidence of improper motive. …
> Kennedy cites to page 95 of Hirsch's deposition and claims that it
> provides proof Hirsch and Caruso's conduct was motivated by his
> speech.
> However, this is not what page 95 provides. On page 95, Kennedy
> asked Hirsch why she sent the Incident Report to the Tennessee school
> officials. She said: When I had spoken with principal Lifsey, this had

had -- I think we connected **after you had already sent the ex partes**
to the schools and they tried to hold the children in protective custody.
**They held the youngest child in protective custody, refused to
release him to mom**.
The oldest child, I think, was released before the school got your fax.
And principal Lifsey was very concerned. He wanted me to keep him
updated in real time. **So as a courtesy to the school so they wouldn't
have to submit their own request -- I mean, if they were in state, it
might be faster to obtain a copy of a public record, the police
report**. ...
Hirsch's deposition testimony does not prove animus. **Rather it tends
to prove** she sent the Incident Report **because communication with
the children's school officials was within her purview as guardian
al litem, the children's school asked her to update them, and it was
more efficient for her to send it to them as they were out-of-state.
This is not evidence of animus by Hirsch and even less so evidence
of animus by Caruso.**

(A-7 (Memorandum of Decision granting Motions for Summary Judgment),

at 38.). This is a direct contradiction of an earlier ruling by the same Court:

In partially denying the Motion, the Court addressed whether Hirsch was

acting as a GAL, and subsequently entitled to immunity, within the meaning of 42

U.S.C §1983:

[T]his Court finds that Attorney Hirsch acted outside of the scope of
her duties to the extent that, as alleged, she distributed a police incident
report to non-parties, including the legal counsel for the minor
children's Tennessee school, containing statements she knew were
false. A GAL shall not disclose information or participate in the
disclosure of information relating to an appointed case to any person
who is not a party to the case except as may be contemplated by the
scope of the court's order or otherwise specifically provided for by law.
… [T]he guardian ad litem's purpose in [disclosing] should be to inform
her recommendation to the court, rather than to influence the non-
parties with whom she is conferring. To the extent that a guardian ad
litem believes that a child is in imminent danger of serious physical

harm she should make an immediate report to the court…, rather than take matters into her own hands. The absence of immunity is especially apt where, as here, the guardian ad litem is alleged to have clearly exceeded the scope of her authority by knowingly conveying false information to a third party to contravene a court order. Liability for these actions will not interfere with the duties of guardians ad litem and will not unduly deter guardians ad litem from accepting appointments because guardians ad litem can avoid liability by simply refraining from knowingly giving false information to third parties. Taking the allegations in the complaint as true and drawing all reasonable inferences in favor of the Plaintiffs, the Court cannot find that Attorney Hirsch acted inside the scope of her role as a guardian ad litem when she distributed the Incident Report to non-parties, and so she is not entitled to absolute immunity for that action.

(A-28 (Order and Ruling on Hirsch Motion to Dismiss), internal quotation marks and citations omitted). Although a Court may modify its ruling, this is a case where the Court was weighing evidence. The admission by the Defendant-Appellant Hirsch was that the Ex Parte order was the genesis for her actions. Her motivation in doing so could most certainly be decided by a jury as retaliatory, based upon her statements.

## H. The Court could not reach a conclusion as a matter of law as to concrete harm nor chilled speech.

The Court cites *Dorsett v. Count of Nassau*, for a potential analogy to the present circumstances. (*Dorsett v. County of Nassau*, 732 F.3d 157 (2d. Cir. 2013) at 157-161.). However, the *Dorsett* case bolsters as opposed to lessens Plaintiff-Appellant's argument there is a genuine issue of material fact that must be decided by the jury. In *Dorsett*, the Court cited the appellant's continued activities as

before the retaliatory behavior as a lack of chilling speech. In this case, up until Caruso's appearance at the Plaintiffs-Appellants' door, James was attempting to exercise his rights.

All parties to the action agreed that the third-party Fatima De Almeida-Kennedy, after speaking with Caruso and Hirsch, absconded with the children. A reasonable juror could infer that the speaking followed by the absconding were related and that the Police Report was the discussed method of cover. Everyone in this action knew that James would not be successful in retrieving the children. While a jury could determine that the concrete harm is apportionable or lessened by other factors, it still should have that right to determine which party is more credible in their actions. *Dorsett* is further inapposite because in that instance the money was never a given, but in this instance, all parties acknowledge that James was not successful, but why he wasn't is a genuine issue of material fact.

## I. The Court failed to proceed with an analysis for several causes of action based upon earlier rulings.

The Court "grants Defendants summary judgment on the section 1983 conspiracy claim because Kennedy has failed to establish a violation of a federal right." Later, the Court "grant[ed] Defendants summary judgment on the Monell claims because Kennedy has not established a violation of a federally protected right." Finally, the Court concluded that "because the Court does not find that

Caruso or Hine committed a tort, there is no liability on the Town." (A-11, 12, 18 (Memorandum of Decision granting Summary Judgment)).

In all three instances, the Court did not reach an analysis at all.

## CONCLUSION

We therefore respectfully ask that this Court reverse the decision of the District Court granting the Defendants-Appellees' Motions for Summary Judgment and remand for a fair and impartial trial before a jury as is just and proper.

Respectfully submitted,

By:

James and Besa Kennedy, Pro Se

Plaintiffs-Appellants

**Pro Se Certificate of Compliance with**

**Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6**

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

☒ **Brief** contains _____ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
**Brief** contains __2O__ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑ **Reply Brief** contains _____ words. [7,000 word limit - LR 32.1(a) (4)(B)], or
**Reply Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑ **Writ of Mandamus/Prohibition** contains _____ words. [7,800 word limit - FRAP 21(d)(1)], or
**Writ of Mandamus/prohibition** contains _____ pages. [30 page limit - FRAP 21(d)(2)]

❑ **Motion** or **Response to the Motion** contains _____ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
**Motion** or **Response to the Motion** contains _____ pages. [20 page limit - FRAP 27(d)(2)(B)]

❑ **Reply to the Motion** contains _____ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
**Reply to the Motion** contains _____ pages. [10 page limit - FRAP 27(d)(2)(D)]

❑ **Petition for Panel or En Banc Hearing** contains _____ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
**Petition for Panel or En Banc Hearing** contains _____ pages. [15 page limit - FRAP 35(b)(2)(B)]

❑ **Petition for Panel Rehearing** contains _____ words. [3,900 word limit - FRAP 40 (b)(1)], or
**Petition for Panel Rehearing** contains _____ pages. [15 page limit - FRAP 40 (b)(2)]

February 2017

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

**Kennedy et al**
_____

**CERTIFICATE OF SERVICE***

Docket Number: __21-3155__

v.

**Caruso et al**
_____

I, __James Kennedy_____, hereby certify under penalty of perjury that
(print name)

on __May 6, 2022_____, I served a copy of _____
(date)

Plaintiffs-Appellants Brief
_____
(list all documents)

by (select all applicable)**

___ Personal Delivery    **X** United States Mail    ___ Federal Express or other
Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Patrick J. Day | One constitution plaza, 10th Flor Hartford | CT | 06103 |
|---|---|---|---|
| Name | Address | City | State | Zip Code |

| Alan R. Dambibzak | 65 wethersfield Ave | Hartford | CT | 06114 |
|---|---|---|---|
| Name | Address | City | State | Zip Code |

| Michelle Onivero | 65 wethersfield Ave | Hartford | CT | 06114 |
|---|---|---|---|
| Name | Address | City | State | Zip Code |

| Cristin Sherhan | One constitudin plaza 10th flon Hartford | CT | 06103 |
|---|---|---|---|
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

__5/6/2022__
Today's Date

_____
Signature

Certificate of Service Form (Last Revised 12/2015)



JAMES KENNEDY
(860) 255-1504
THE UPS STORE #3837
222 MAIN ST
FARMINGTON    CT 06032-3623

SHIP
TO:
SHIP CLERKS OFFICE
SECOND CIRCUIT
THURGOOD MARSHALL US COURT HOUSE
40 FOLEY SQ

5 LBS        1 OF 1
SHP WT: 5 LBS
DATE: 07 MAY 2022

NEW YORK      NY 10007-1502

NY 102 9-10

UPS NEXT DAY AIR SAVER        1P
TRACKING #: 1Z V2Y 467 NW 8987 6888

BILLING: P/P
ATTENTION UPS DRIVER: SHIPPER RELEASE

REF #1: KC

ISH 13.06F 22P 409 16.5U 04/2022